*June Term, 1860.*

*JOINT SCHOOL DIST. No. 7 v. WOLFE et al.*

---

JOINT SCHOOL DISTRICT NO. 7, &c., vs. WOLFE and others.

The power conferred by law upon the state superintendent of public instruction, to examine and decide appeals from the decisions of school district meetings, or from the decisions of town superintendents, in forming or altering, or refusing to form or alter, school districts, is a *quasi* judicial power, which cannot be delegated to the assistant state superintendent.

Where the assistant state superintendent decided, upon such an appeal, that certain portions of a joint school district should be detached and erected into a new district, which should be the legal successor of said original joint district, but provided that said new district should pay to the other portions of said original district, a certain sum of money, and that the decision should be null and void, except upon the making of said payment: *Held*, that even if the decision were valid, such new district was not entitled to possession of the school house which had belonged to the original joint district, until *actual payment* of the sum so directed to be paid.

ERROR to the Circuit Court for *Dane* County.

This action was brought by *Joint School District No. 7*, of Burke, Blooming Grove, Cottage Grove and Sun Prairie, to recover damages for an injury done by the defendants to a school house in said district, and to perpetually enjoin the defendants from removing said school house, as it was alleged they had threatened to do while the school was in session therein. The rights of the parties turned upon the validity and effect of a decision made by the assistant superintendent of public instruction, which was in substance as follows: "In the matter of the appeal of *Abram Wolfe* and others, of Joint District No. 7, of Burke, Blooming Grove,

Cottage Grove and Sun Prairie, &c., against the act of the superintendents of said towns in refusing to divide said joint district. * * * It is therefore decided that the appeal be sustained, and that section 1 and the east half of 2 in the town of Blooming Grove, and section 36 and east half of 35 in the town of Burke, shall hereafter constitute one joint district, to be known as Joint School District No. 7, of Burke and Blooming Grove; said joint district to be the legal heir and successor of Joint District No. 7, of Burke, Blooming Grove, Sun Prairie and Cottage Grove, liable for its past debts, entitled to its credits, &c. *Provided*, and this decision shall be null and void except upon the performance of the acts herein required, that the said Joint District No. 7, of Burke and Blooming Grove, shall pay to the district comprising the north half of section 6, in Cottage Grove, and section 31, in Sun Prairie, or the districts to which those tracts may be severally attached, such sums of money as shall be found from the assessment roll, &c., to be duly proportioned to the tax contributed by them to the building of the school house in said former school district." In pursuance of this decision, a meeting of the legal voters of the territory designated as forming Joint School District No. 7, of Burke and Blooming Grove, was duly called, a director, treasurer and clerk elected, and a resolution or order passed "that the sum of $54 68 be raised by tax for the purpose of paying to the district comprising the north half of section 6 in Cottage Grove, and section 31 in Sun Prairie, or to the districts to which they may severally be attached, such sums of money as shall be found, from the assessment roll, to be duly proportioned to the tax contributed by those parts of the district, as formerly constituted, to building the school house in said former joint district," and also a resolution "that the district board are required to locate a school house site, &c., and to remove on to said location the new school house lately built, and which, by the decision of the state superintendent, belongs to this district," &c. In pursuance of this last resolution, the defendants (who were the board of directors elected for said new district, and their employees) took steps to commence the re-

moval of said school house, which were the acts com-  June Term, 1860.
plained of.

The circuit court assessed the plaintiffs' damages at $100, Joint School Dist. No. 7 v. Wolfe et al.
and granted an injunction according to the prayer of the
complaint.

*Abbott, Gregory, Pinney & Flower,* for plaintiffs in error.

*Hopkins & Johnson,* for defendant in error.

*By the Court,* Cole, J.  We have very great doubt about November 19.
the right of the assistant state superintendent of public in-
struction to examine and determine appeals from the decis-
ions of the town superintendents in forming or altering, or
in refusing to form or alter, school districts.  The statute au-
thorizes the state superintendent to appoint an assistant su-
perintendent of public instruction, and declares that such
assistant shall perform such duties as his principal shall pre-
scribe, not inconsistent with law.  Sec. 72, chap. 10, R. S.,
1858.  It also makes it the duty of the state superintendent,
to examine and determine all appeals duly made to him from
the decision of any school district meeting, or from the de-
cision of any town superintendent, in forming or altering, or
in refusing to form or alter, any school district, or concerning
any other matter under the common school law of the state;
and his decision thereon is final (sec. 65).  Controversies
growing out of the formation of school districts, frequently
give rise to questions of considerable difficulty and import-
ance, and we have but little doubt that the legislature, in
conferring upon the state superintendent the power to review
and revise the action of the local authorities upon these mat-
ters, intended to make this a personal duty, to be discharged
by the state superintendent.  We can conceive of nothing
belonging to his office, which evinces greater personal confi-
dence and trust, than this power to hear and determine these
appeals.  There are many things connected with the office
of state superintendent of public instruction, which can as
well be performed by an assistant as by the superintendent
himself; but this power to hear and determine these appeals,
is a *quasi* judicial function, and ought to be exercised
by the state superintendent in person.  We therefore

think that the order of the assistant state superintendent, bearing date November 30th, 1859, exhibited among the papers in this case, and made in the matter of the appeal of *Abram Wolf* and others, of joint district No. 7, &c., was unauthorized and void.

But, moreover, if we are wrong in supposing that the assistant state superintendent had no right to act upon and determine this appeal, still it is very clear that according to the order made by him, the school house could not be removed until payment of a certain sum had been made to the other parts of the old district. For the order says: "This decision shall be null and void, except upon the performance of the acts herein required; that the said Joint District No. 7, of Burke and Blooming Grove, shall pay or cause to be paid to the district composed of the north half of sec. six, in the town of Cottage Grove, and section thirty-one, in the town of Sun Prairie, or the districts to which these several tracts of land may be severally attached, such sums of money," &c., thus making the validity of the order depend upon the performance of certain things. Now it is not pretended that the conditions have been performed, upon which the validity and operation of the order depended.' The most that was done to comply with it, was to rule to raise, by taxation, a certain sum of money, to be paid over to the other parts of the old district. But this was not what the order required. The money was to be paid before the order should take effect. As this was not done, the plaintiffs in error had no right whatever to interfere with the school house, and their attempting to do so when the school was in session, presented a very proper case for an injunction.

Several questions of practice were raised and discussed upon the briefs of counsel, but it appears to us unnecessary to notice them, after expressing ourselves upon the merits as distinctly as we have. We certainly think the order upon which the plaintiffs in error relied to justify them in removing the school house, was of no validity in the first instance; and even if it were a valid order, the parties acting under it, did not perform the conditions precedent, upon the perform-

ance of which the same was to take effect, and go into oper-
ation.

The judgment of the circuit court is affirmed.