## Case No. 4,813a.

### FISH v. FOND DU LAC.

[12 Reporter, 295.] [1]

Circuit Court, E. D. Wisconsin. July 12, 1881.

HARLAN, Circuit Justice, in delivering the opinion of the court, said: In support of the proposition that the act of 1871 is repugnant to the constitutional provision, and therefore void, we are referred to Foster v. City of Kenosha, 12 Wis. 688, decided in the year 1860, and to Fisk v. City of Kenosha, 26 Wis. 23, decided in 1870. (His honor then read from the opinion in the first case, and continued:) I have read somewhat fully from the opinion in Foster v. City of Kenosha, because upon that case counsel for the city mainly rely. Now it is quite clear, to my mind, that the supreme court of Wisconsin has not gone so far as the learned counsel for the city contends that it has. The point there decided was that the legislature could not, constitutionally, confer upon a municipal corporation authority to contract debts, without limit as to amount, as well as without any other restriction as to purposes than the judgment of a common council, sustained by a majority of voters, that the common interest of the municipality will be thereby promoted and secured. The court held that "such unlimited power of

[1] [Reprinted by permission.]

taxation, such unrestrained ability to contract corporate indebtedness," embracing, as it did, purposes confessedly non-municipal, was inconsistent with the object and design of imposing upon the legislature the duty of restricting municipal powers "so as to prevent abuses in assessments and taxation, and in contracting debts." That decision by no means justifies the conclusion that the legislature may not authorize a municipal subscription to the capital stock of one designated railroad company, without limit, in one sense, as to amount, but yet to be made only after and in accordance with a formal written proposition by the company, setting forth as well the amount desired to be subscribed, as the terms of the subscriptions, and also after the approval of such proposition by a majority of legal votes cast at an election called and held to pass upon that specific proposition. In the act of March 21, 1871, the purpose of the subscription therein authorized was distinctly stated, namely, to aid in the construction of a railroad in which the city of Fond du Lac had a business or commercial interest; whereas, the charter of the city of Kenosha did not limit taxation and indebtedness to municipal purposes. This difference between the present case and that case is very material. Consequently I do not feel authorized by anything involved or decided in Foster v. City of Kenosha to hold that the legislature of Wisconsin, in passing the act of 1871, transcended the limits by the fundamental law of the state. Nor does the subsequent case of Fisk v. City of Kenosha condemn the act of 1871 as unconstitutional. That case involved a construction of the same section of the charter of Kenosha as the one referred to in Foster v. City of Kenosha, and the court does nothing more than affirm its previous ruling. I do not, therefore, feel obliged, by anything in the decision of the state court, to adjudge that the legislature, in the act of 1871, exercised powers forbidden by the constitution of Wisconsin. In considering this question I have not forgotten what was said by the supreme court of the United States, when required, in Fletcher v. Peck, 6 Cranch [10 U. S.] 128, to determine whether the legislature of Georgia had, in a particular enactment, violated the constitution of that state. The court there said, speaking by Chief Justice Marshall, that "the question, whether a law be void for its repugnancy to the constitution, is at all times a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative in a doubtful case." The more recent decisions of the same court justify me, I think, in saying that a federal court, when determining the rights of parties under a state law, will never in a doubtful case adjudge such law to be in conflict with the state constitution, unless sustained in so doing by some distinct adjudication of the highest court of the state. Judgment for plaintiff.