JOHN T. BRESSLER, PLAINTIFF IN ERROR, v. THE COUNTY OF WAYNE, DEFENDANT IN ERROR.

1.    Stare Decisis.    Upon questions involving the construction of a law of Congress, the decision of the supreme court of the United States is the supreme law, and by which the state courts are bound.

2.    Taxes: SHARES OF STOCK IN NATIONAL BANKS. "In the assessment and taxation of shares of national bank stock, the

owners thereof, having no other credits or moneyed capital, are
entitled to deduct their *bona fide* debts from the value of such
shares of stock." *Wasson v. Bank* (Indiana), 8 N. E. Rep., 97.

ERROR to the district court for Wayne county. Tried
below before NORRIS, J.

*Northrop & Welch*, for plaintiff in error, cited: *People
v. Weaver*, 100 U. S., 539. *Bank v. Britton*, 105 U. S.,
322. *Wasson v. Bank*, 8 N. E. Rep., 97. *Bank v. Pa-
ducah*, Thompson National Bank Cases, 300; S. C., 5
Cent. Law Journal, 347.

*J. D. King*, for defendant in error, cited: *Hepburn v.
School Directors*, 90 U. S., 480.

*Attorney General Leese*, on the same side, cited: *Mer-
cantile Bank v. New York*, 121 U. S., 138. *Newark
Banking Co. v. Newark*, Id., 163.

REESE, CH. J.

The facts in this case are conceded to be, that on the first
day of April, 1887, and prior thereto, the plaintiff in er-
ror was and had been a resident of the precinct of Wayne,
Wayne county, Nebraska, and was, on the said date, the
owner of 229 shares of the capital stock of the First Na-
tional Bank of Wayne, Nebraska, of the par value of
$100 each, of the total value of $22,900. Said bank is
a corporation, duly organized and existing under and by
virtue of the laws of the United States, under the act
known as the National Bank Act (Rev. Stat. U. S. 1874,
Title 82).

On or about the first day of April, 1887, the plaintiff in
error gave a list of his taxable property to the assessor of
Wayne precinct, which list included the number of shares
of said stock first mentioned, and at the same time gave to
such assessor a list of debts owing by him, duly sworn to,

amounting to $14,200, and asked that the last mentioned amount be deducted from the value of the bank stock owned by plaintiff in error, he having no other credits from which he could deduct such indebtedness, and that he be taxed and assessed only upon the residue of said shares, viz., 87 shares.

The assessor refused to allow such deduction, and returned and assessed against plaintiff in error the whole number and amount of said shares, such shares being assessed at $25 each, without deducting the indebtedness referred to.

On the 6th day of June, 1887, plaintiff in error appeared before the board of county commissioners of Wayne county, sitting as a board of equalization, and made application to have his assessment corrected, by allowing him the deduction for debts owing as before mentioned, which application and request was by said board refused.

On the 16th day of January, 1888, said plaintiff in error filed a petition in error in the district court of Wayne county, and the same question was submitted to the court, and the decision of the county board was by that court affirmed.

Plaintiff now assigns the said ruling of the district court as error, and claims that he should be, and by law is, entitled to deduct from the value of his shares of stock in said national bank his *bona fide* debts, and he be taxed only upon the residue.

Section 27 of chapter 77 of the Compiled Statutes, entitled "Revenue," and under which the right to offset plaintiff's indebtedness is claimed, is as follows:

"In making up the amount of credits which any person is required to list for himself, or for any other person, company, or corporation, he shall be entitled to deduct from the gross amount of credits the amount of all *bona fide* debts owing by such person, company, or corporation to any other person, company, or corporation, for a con-

sideration received; but no acknowledgment of indebtedness not founded on actual consideration, believed when received to have been adequate, and no such acknowledgment made for the purpose of being so deducted, shall be considered a debt within the meaning of this section; and so much only of any liability, as surety for others, shall be deducted as the person making out the statement believes he is legally and equitably bound, and will be compelled to pay on account of the inability or insolvency of the principal debtor, and if there are other sureties who are able to contribute, then only so much as the surety in whose behalf the statement is made will be bound to contribute; *Provided*, That nothing in this section shall be so construed as to apply to any bank, company, or corporation exercising banking powers or privileges, or to authorize any deductions allowed by this section from the value of any other item of taxation than credits."

The proviso at the end of the section has no bearing upon this case, as the law for the taxation of banks is to be found elsewhere in the chapter referred to.

It is provided by section 5219 of the Revised Statutes of the United States that the taxation of shares in national banks shall not be at a greater rate than is assessed upon moneyed capital in the hands of individual citizens of the states where the banks are located.

The statute of the state of New York governing the assessment of property, required the board of assessors to "prepare an assessment roll, in which there shall be set opposite the name of each tax-payer: (1) all his real estate liable to taxation, and its value; (2) the full value of all his personal property after deducting the just debts owing by him." The court of appeals of that state held, in *The People v. Dolan*, 36 N. Y., 59, that by that section, and another which need not be here copied, no deduction from the value of shares of national bank stock could be made on account of indebtedness of the tax-payer. But

in *Supervisors of Albany v. Stanley*, 105 U. S , 305, the supreme court of the United States held otherwise, and refused to accept *The People v. Dolan* as authority. In the case of *Hills v. The National Albany Exchange Bank*, Id., 319, the same conclusion was reached, and in *Bank v. Britton*, from Indiana, Id., 322, under a statute of that state almost like our own, the doctrine was re-affirmed, and it was there held, "That the taxation of bank shares by the Indiana statute, without permitting the shareholder to deduct from their assessed value the amount of his *bona fide* indebtedness, as in the case of other investments of moneyed capital, is a discrimination forbidden by the act of Congress." In this state the deduction should be made from the *actual* value of the shares.

In the following cases it has been held by the supreme court of the United States that the authority of the states to tax the shares of national bank stock is derived wholly from the act of Congress permitting it, and that without the consent of Congress such bank stock shares could not be taxed by state authority at all. *McCulloch v. Maryland*, 4 Wheat., 316. *Osborn v. Bank*, 9 Id., 738. *Weston v. Charleston*, 2 Pet., 449. *People v. Weaver*, 100 U. S., 539–543. By this it will be seen that the question for decision is not one of the construction to be placed on a law of this state, but upon a law of Congress, thus becoming a federal question, upon which the supreme court of the United States is the court of last resort, and therefore binding on us.

The same question was before the supreme court of Indiana in *Wasson v. Bank*, 8 N. E. Rep., 97, and the rule of the supreme court of the United States in the cases cited was followed. In that case it is said: "There can be no doubt that, under these decisions, all credits, of whatever nature—which include the credits from which the tax-payer may deduct his *bona fide* debts as here decided, whether interest bearing or not—are moneyed capital, in the same sense in which the term is used in this act. And

under these decisions, also, statutes which allow the taxpayer to deduct his debts from such moneyed capital, and deny this right to the holders of shares of national bank stock, must yield to the paramount act of Congress, which inhibits such discrimination."

Substantially the same question was decided by the supreme court of California, in *Miller v. Heilbron*, 58 Cal., 133, in the same way. See also *Ruggles v. Fond du Lac*, 10 N. W. Rep., 565. *Richards v. Rock Rapids*, 31 Fed. Rep., 505. *Whitbeck v. Bank*, 8 S. C. Rep., 1122. *Bank v. Paducah*, 5 Cent. Law Jour., 347. In addition to the fact that we are bound by the decisions of the supreme court of the United States, as being the supreme law of the land, many of the state courts have, as we have seen, adopted the same rule.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.