MARY WETMORE, APPELLANT, *v.* MULTNOMAH COUNTY, RESPONDENT.

ASSESSMENT—INDEBTEDNESS, DEDUCTION OF, DOES NOT RENDER TAX UNEQUAL.—The statute which permits deductions for indebtedness to be made from the assessed value of property does not operate to render taxation unequal.

APPEAL from Multnomah County.

The facts are stated in the opinion of the court.

*O. P. Mason*, for appellant.

*Raleigh Stott, District Attorney*, for respondent.

By the Court, MCARTHUR, J.:

Appellant appeared before the board of equalization of Multnomah county in June, 1877, and objected and protested against indebtedness within the state being deducted from the gross value of the property of certain persons whose names appeared upon the assessment roll. She declared that she was a taxpayer, and urged that the assessment was not equal and uniform, by reason of said deductions of indebtedness being allowed, and therefore was unconstitutional. The board overruled the objections, and allowed the roll to stand as returned by the assessor. Afterwards, and when the county court of said county were considering the subject of levying a tax on said assessment, she appeared with a similar protest and objection, which was likewise overruled. She then brought the matter before the circuit court on writ of review, and after argument thereon the writ was dismissed, and judgment rendered against appellant. From said judgment this appeal is prosecuted. We think the court below proceeded correctly. The matters complained of and set forth in the petition for a writ of review cannot be reached or corrected in the manner desired by the appellant. The law permits the deduction of indebtedness within the state. (*Ankeny* v. *Multnomah County*, 3 Or. 386.) The question which counsel for appellant argued so exhaustively cannot be considered in this proceeding; it could only arise and be presented if the assessor had refused to allow a deduction for indebtedness within the state. Then, perhaps, we could consider the numerous constitutional questions presented in the argument. As it is, the appellant has not shown that the assessor or the county court exceeded their respective jurisdictions by improperly levying a tax against her property. Indeed, it is conceded that her assessment was correct, and it is only claimed that the taxes are unequal upon the ground already mentioned. The tax levied operates uniformly upon all taxable property; for by permitting deduction of indebtedness within the state, the statute in effect declares that only the excess of the value of the property over and above the indebtedness of the owner within the state shall be deemed taxable property.

The defects in our revenue laws, which the appellants' counsel was at great pains to point out, cannot be corrected by the courts, they must be corrected, if at all, by the legislature.   We must administer the law as we find it upon the statute book.

Judgment affirmed. _____