No. 6761.

STATE EX REL. N. O. CITY RAILROAD CO. VS. THE BOARD OF ASSESSORS.

The power of the arbitrators, to whom the law refers the complaints of taxpayers touching the over assessment of property made by the tax assessors, is limited to ascertaining the value of the property listed on the assessment rolls. They have no power to determine what is, and what is not exempt from taxation, but any award they may make reducing the valuation of property listed, is binding. " Over assessment" means *over valuation.*

A mandamus will issue to compel the Board of Assessors to enter on their assessment rolls, the value put by the arbitrators on any property listed on those rolls.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

*Louque & Fernandez* and *Wm. H. Hunt* for plaintiffs and appellants.
*B. F. Jonas* and *Samuel P. Blanc* for defendants.

The opinion of the court was delivered by

SPENCER, J. Relators were assessed for $1,140,000, as follows :

On real estate.................................................$126,500
On horses, mules, etc....................................... 52,000
On cars and vehicles........................................ 86,500
On capital stock (invested otherwise than above) .............. 875,000

They complained to the Board of this last item of assessment as being excessive. The Board refused a reduction, and the matter was referred to arbitrators under sections 15, 16, 84, 87, and 88, of act No. 96, of 1877.

The arbitrators made the following report and decision:

"To the Administrator of Assessments, and Fred. Wintz, Esq., President City R. R. Company, N. O.:

"GENTLEMEN—On investigation of the question submitted, we find that the City Railroad Company, through its several contracts with the city, acquired vested rights of way, etc., covering in our opinion the question of franchise during the duration of their respective charters, and that each contract contains the following clause: 'The contractor or contractors shall pay into the city treasury, upon the assessed value of said roads and fixtures, the annual tax levied upon real estate, and the value of said roads and fixtures shall be assessed by the usual mode of assessment.' Which while completely silent regarding franchises, is very specific as to other objects of taxation. That, therefore, the capital of this corporation should be estimated for assessments—

First—Upon cost of construction as derived from the company's · books......................................................... $667,278
Less a reasonable allowance for difference now existing in cost of material, labor, etc., than when built, say 33⅓ per cent..   222,426

                                                     $444,852
Second—Bonds of the Mechanics' and Fair Association.......     2,000
Third—103 shares N. O. C. R. R. stock, taken by the company.   10,390

Leaving an assessment on capital........................... $457,152

"We have based our ideas as to a proper reduction to be made from information derived from various and reliable sources, and assumed a percentage we believe to be rather below than above what has actually occurred.

"Understanding that we were only requested to arbitrate on the question of capital, we have given consideration alone to that subject.

                "Yours, very respectfully,

[Signed]                       "LIONEL C. LEVY,
                              "ED. A. PALFRY."

The Board refused to abide by the award, and amended the assessment of that item as follows:

Construction, road, switches, etc., valued by arbitration....... $457,152
Capital over and above other assessments....................  417,848

Making the total......................................... $875,000
Just as it was before.

Thereupon, relators applied for mandamus to compel the Board to

reduce the assessment in conformity to the award. The Board answered that the arbitrators had exceeded their authority by undertaking to exclude from their estimate a part of relators' capital. The court a qua refused the writ, and relators appealed.

We are satisfied that under the provisions of the statute in question the power and duty of the arbitrators are limited to the *ascertainment of the value of the things listed on the assessment rolls*. They can not assume to decide that any part of the things there listed, whether real or personal, corporeal or incorporeal, are exempt from taxation.

Section 87 gives this right of arbitration whenever the taxpayer complains of an " over assessment ; " and the same section provides the same remedy, when the Auditor or other proper officer complains of an *" under valuation."* We think it fair and reasonable to interpret the words " over assessment " as meaning " over valuation."

As there has been no complaint of an " under valuation," we must presume that the sum of $875,000 represented the entire capital stock, outside of the property specifically named and listed.

If so, why should not relators at least have the benefit of the reduction of $222,426, which the award clearly fixes as over valuation of the material and costs of construction of relators' railroads ? The property, the value of which the arbitrators thus reduce, undoubtedly entered into and formed part of the capital stock included in and estimated by the Board in the item $875,000. So that, admitting that the arbitrators had no power to exclude any part of the property from their valuation and estimate, yet their award as to the value of what they did take into consideration ought to have effect. Thus, if the assessment roll lists five pieces of property, while it is true that the arbitrators can not declare any one of them exempt, yet if they do exclude one or more, and value the others, the reduction awarded as to these last ought to be effective.

The award seems to proceed upon the assumption that this assessment of $875,000 was made up as follows :

| | |
|---|---|
| Costs of material and construction | $667,278 |
| Franchise purchased from the city | 207,722 |
| Making | $875,000 |

At least they claim to have valued every thing else of the capital stock except what was invested in the purchase of the franchise, and this they clearly exclude.

Whether the franchises of these roads are exempt from taxation or not, is not now before us. But it is evident the arbitrators intended to include in their estimate every thing else; and they say, in effect, excluding that, and the real and personal property specifically named and listed, the balance of the capital is *valued too high*, by the sum of $222,426.

We think to that extent the award is binding, and that the assessment should be reduced accordingly. Deducting this amount from $875,000, there remains $652,574, which is the proper amount of the assessment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed, and it is now ordered and decreed that a peremptory writ of mandamus issue to the defendants, directing them to enter upon said assessment roll under the head " capital stock" a deduction of $222,426 as awarded by said arbitrators. It is further ordered that respondents pay costs of this suit.