No. 7634.

CITY OF NEW ORLEANS VS. PEOPLE'S BANK OF NEW ORLEANS.

Banks organized and doing business under the free banking law enacted in the year 1853 are not subject to taxation in the form of a license. The exemption from license-tax of those banks, as a class, is not a violation of the constitutional requirement concerning equality and uniformity.

APPEAL from the Third District Court, parish of Orleans. *Monroe,* J.

*S. P. Blanc,* assistant city attorney, for plaintiff and appellee.

*F. W. Baker, W. S. Benedict* and *Jos. P. Hornor* for defendant and appellant.

S. P. Blanc, assistant city attorney, for plaintiff and appellee, contended :

That the question of exemption is not new. Your Honors have fully disposed of it, not only in cases presenting simply analogous features and resting on the same principles, but in controversies between the banks and the city, in some of which *precisely* similar laws of exemption were set up against the license demand, and in one of which a plain and unequivocal exemption from *all taxation,* except on real estate, was expressed. City of New Orleans vs. Louisiana Savings Bank and Safe Deposit Company, 31 An. p. 637 ; State of Louisiana vs. Southern Bank, 31 An. 519 ; Louisiana Cotton Manufacturing Company vs. City of New Orleans, 31 An. 440 ; City of New

Orleans vs. St. Anna's Asylum, 31 An. 292. These cases dispose of every point which can be urged by the defendant to maintain a claim for exemption. Constitution of 1868, art. 118 ; 24 A. 86 ; 28 A. 756 ; 29 A. 284 ; 21 A. 1 ; Dill. on Mun. Corp. sec. 616 ; 27 A. 438 ; 30 A. 259 ; 18 Wall. 225 ; Burrough on Taxation, p. 150.

F. W. Baker, W. S. Benedict, and Jos. P. Hornor, contra, contended :

First—The question as to whether the free banking act was a contract, and whether licenses can be enforced against the free banks, needs no argument.

This court, in the cases of the City of New Orleans vs. Southern Bank, 11 An. 41 ; State vs. Southern Bank, 23 An. 271 ; State vs. Union Bank, Opinion Book No. 39, p. 426 ; State vs. Mechanics' and Traders' Bank, and State vs. Merchants' Bank, Opinion Book No. 39, p. 316 ; the last three not reported, has declared that the free banking act was a contract by which the State and its creatures were bound not to impose such license. 31 A. 519.

Second—The Act No. 192 of 1857 did not repeal the free banking act, which was a contract with the State, and hence could not be repealed.

Third—The constitution of 1868 is not in conflict with, nor did it alter or change the free banking act, (and even if any change were made it could not affect banks organized *after* that constitution went into effect.) *Constitution of 1868, art. 149 ;* 21 A. 1 ; Hen. Digest, p. 788, iii. Nos. 1, 2, 3, 4, and 6 ; 21 A. 726 ; 23 A. 449 ; 10 A. 56 ; 11 A. 739 ; 20 A. 373 ; 29 A. 285 ; 30 A. 554, 910 ; 10 A. 398 ; 21 A. 434 ; 1 Woods, 85.

What prescription bars licenses ?

The late decision of your Honors in succession of Zacharie, 30 An. 1260, fixes ten years as the bar to taxes, but licenses are not referred to. As to them, we submit that the limit of two years, recognized in the cases of Buckner vs. Fox, Collector, 22 An. 246, 16 An. 132, and 15 An. 381, would be more reasonable.

Further, by section 36 of Act No. 96 of 1877, it will be seen that the term of prescription of all taxes has been reduced to three years. This we invoke.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff sues for nine thousand dollars, licenses for as many years commencing with 1870, at one thousand dollars each. The defendant pleads that it is a free Bank, and is therefore exempt by law and under its charter from the payment of this license, and that a large portion of the claim is prescribed.

This Bank was organized under the Free Banking law of 1853—the

date of its organization being December 1869. It has been held that the Banks organized under that law are not subject to taxation in the form of a license. New Orleans v. Southern Bank, 11 Annual, 41. The State v. same Bank, 23 Annual, 271, and the same ruling has been applied to three other Banks in cases unreported. It is too late now to question the correctness of those decisions.

But the plaintiff relies on the State v. Southern Bank, 31 Annual, 519, where we held that a license was due. Our decision was based expressly on the re-incorporation of that Bank in 1873, subsequent to the enactment of the Free banking Act of 1870, and of course under the constitution of 1868, and we therein pointed out how that constitution, and Secs. 307 and 315 Rev. Stats. affected the question *quoad* that Bank because of its re-incorporation under the dominion of those laws.

This case is distinguishable from that. The organization of this Bank was in 1869 under the first free banking Act. It has repeatedly been held that the constitutional requirement (Const. 1868 art. 118) that taxation shall be equal and uniform does not inhibit the legislature from, nor deprive it of the power of, dividing the objects of taxation into classes. City v. Kaufman, 29 Annual, 283. City v. Davidson, 30 Annual, 554. City v. Fourchy, Ibid. 910 and cases reviewed. Hence when a Bank claimed exemption from the payment of a license because of a special provision to that effect in its charter, we held that such exemption was unconstitutional, because it was of a particular bank. City v. La. Savings Bank, 31 Annual, 637.

The defendant Bank is one of a class. The Free Banks differ from all others in many particulars. They are organized in a different manner from other Banks. They are subject to peculiar restrictions. They possess peculiar and exclusive rights and powers, and are encumbered with prohibitions not common to other Banks. There are, or were, many of them, forming a class possessing exceptional attributes, whose creation, mode of existence, and dissolution were unlike others. An exemption of these Banks as a class is not violative of the constitutional requirement concerning equality and uniformity.

The free banking act of 1853 had exempted this class of Banks from the payment of a license. There was nothing to prevent this exemption from operating in favor of the defendant unless the constitution of 1868, under which it was organized was in the way, and we have seen that it was not.

This Bank had claimed a similar exemption from taxation on its capital stock, but it was denied, City v. People's Bank, 27 Annual, 646, and it appears in the record that it has paid forty-four thousand dollars during the time for which these licenses are now claimed.

We think this Bank is one of a class, whose exemption from the

payment of a license as a class is not prohibited by the constitution of 1868, and that it does not fall under the rule applied to the Southern Bank in the last Annual because it was not organized under the Acts of 1870, but prior to the passage of the Revised Statutes, and under the prior law of 1853 which specially exempted them from the demand of the city made in this suit. A consideration of the plea of prescription is thus rendered unnecessary.

It is therefore ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favour of the defendant against the plaintiff on her demand, and for costs in both courts.

Rehearing refused.