SCHLOSSER BROTHERS v. HUFF, TREASURER.

[No. 10,586. Filed November 19, 1920.]

1. TAXATION.—*Property Taxable.*—*County Board of Review.*—*Decision.* — *Conclusiveness.* — *Statute.* — Under §10234 Burns 1914, Acts 1891 p. 199, providing that where the capital stock of a corporation exceeds in value that of the tangible property listed for taxation, the capital stock shall be subject to taxation upon such excess of value, and making it the duty of the county board of review to determine such excess of value, while the

mere determination of the excess value of the capital stock over the value of the tangible property listed for taxation is for the county board, free from judicial control, the determination of what tangible property shall be considered in determining the amount of excess value, as whether tangible property located in another state shall be omitted, is subject to judicial review.   p. 236.

2.  TAXATION.— *Domestic Corporations.— Determination of Excess Value of Capital Stock.—Tangible Property Deducted.— Property in Another State.*—In determining the excess of value of a domestic corporation's capital stock over that of its tangible property listed for taxation for the purpose of ascertaining the amount of such excess value subject to taxation under §10234 Burns 1914, Acts 1891 p. 199, property located and taxed in another state should not be omitted.   p. 238.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by Schlosser Brothers against George W. Huff, treasurer of the county of Marshall.   From a judgment for defendant, the plaintiff appeals.   *Reversed.*

*Harley A. Logan,* for appellant.

*D. L. McKesson,* for appellee.

NICHOLS, J.—Action by appellant against appellee in Marshall Circuit Court, commenced July 12, 1918, to enjoin appellee as treasurer of the county from the collection of taxes which had been assessed against appellant as corporate excess by the county board of review for the year 1917.

The action of the court in sustaining the demurrer to appellant's amended complaint presents the only error for our consideration.   It appears by the amended complaint that on March 1, 1917, and for several years prior thereto, and thereafter until January 1, 1918, appellant was a domestic corporation with its place of business at the city of Plymouth, Marshall county, Indiana.   It owned and operated creamery plants in the State of Indiana at various places, and also a creamery plant in the city of South Chicago, Cook county, Illinois, owning

such property as was necessary to conduct a large and extensive creamery business, including not only personal property, but farm lands as well. During March, 1917, appellant caused to be duly prepared, in the respective taxing districts where its property was located, schedules of its property, which were delivered to the proper taxing officers and by them delivered to the auditors of the respective counties in which said property was located. By these schedules appellant returned for taxation all of its personal property in Indiana and in Illinois, and all of its real estate was on March 1, 1917, duly assessed for taxation. On May 12, 1917, appellant made its domestic corporation tax statement by which it appears that its common stock on March 1, 1917, was $293,200, and its preferred stock $78,500, making a total of common and preferred of $371,700. Its tangible property at that time, real and personal, within the State of Indiana, was $415,183.06, and its tangible property, real and personal, without the State of Indiana, was $127,821.31; the value of the tangible property exceeding the value of the capital stock in the sum of $171,304.37. This statement through the township assessor was delivered to the auditor of Marshall county. In June, 1917, the county board of review assessed appellant as a domestic corporation with a corporate excess of $149,255. Such corporation on March 1, 1917, had invested in the State of Indiana of its corporate stock and assets the total sum of $395,817.07, all of which had been assessed for taxation in the respective jurisdictions in which it was located on March 1, 1917. In addition to the foregoing property, appellant had invested in real estate and personal property in Cook county, Illinois, $127,821.31, all of which had been duly and legally assessed for taxation by the taxing officers of Cook county, Illinois, on March 1, 1917. In June, 1917, at the time when the county board of review of

Marshall county assessed appellant with the corporate excess of $149,255, in addition to the assessment on real and personal property, appellant had invested its capital stock and assets in real and personal property in Indiana and in Illinois, in the total sum of $477,936.96, all of which had been assessed for taxation by the taxing officers of the respective jurisdictions in which said property was situated. On said March 1, 1917, appellant had no other property. On March 1, 1917, appellant had invested in said property all of its capital stock and surplus and assets of said corporation. The corporate stock of the corporation had no value except that given it and based upon its real and personal property so owned by it in Illinois and Indiana as described at its market price. With these facts before it, the board of review made its finding and minutes that the actual cash value of the capital stock of appellant was $278,-775, and, for the purpose of finding the excess of capital stock, deducted from said cash value only the taxable value of the property within the State of Indiana, refused to deduct from said cash value the amount of assets of appellant invested in tangible property in Indiana, and deducted only the assessed valuation thereof, and further refused to deduct from the actual cash value of the capital stock any amount on account of assets invested in real and personal tangible property in Cook county, Illinois, which was, as aforesaid, of the value of $127,821.31. An appeal was duly taken from the action of the board to the state board of tax commissioners, which appeal was not sustained, and, in addition to the personal assessment shown on the schedule of taxation in the respective taxing districts, $148,255 was placed upon the tax duplicate in Marshall county, upon which excess at the rate fixed there was an excess tax of $5,686.62. Appellant had paid all its taxes in Indiana and Illinois, but had not paid the taxes assessed and lev-

ied on account of the order of the county board, based upon the corporate excess tax in the sum of $5,686.62, and the same has been returned delinquent and stands upon the tax duplicate as a lien against appellant's property in the sum of $6,225.28, which constitutes a lien upon appellant's real estate, and for the payment of which appellant is not liable. On March 1, 1917, and thereafter until June 27, 1917, all of appellant's capital stock, and all of its surplus, and all of its assets of every kind and description, was so invested in tangible property, all of which had been returned for taxation, and the capital stock and surplus and assets of appellant were not liable for taxation for the year 1917, except as it was assessed and taxed on its schedules of personal property and real estate. It is averred that the board of review acted without authority of law in ordering an assessment of appellant with the corporate excess for the year 1917. Said board of review, when it made assessment of the assessed value of the corporate stock of the appellant, fixed the valuation of the same at $278,-775 being seventy-five per cent. of the total par value, which was the same per cent. as fixed by said board and other taxing boards in Indiana, and was the uniform per cent. of the par value used in the assessment of banks and other corporations. In making its assessments the board of review wholly disregarded the value of the property owned by appellant in the State of Illinois, although the assets of appellant were invested therein in the amount of $127,821.31, which amount of property had been duly assessed in that state. That by so disregarding the value of the property assessed in Illinois, the board of review thereby made a second assessment for taxes against appellant's tangible property located in the State of Illinois over which it had no jurisdiction to assess in any way or manner whatever. By deducting from the valuation of appellant's preferred

and common capital stock, which was fixed at. $278,-
775, only the assessed valuation of the tangible real and ·
personal property in the State of Indiana, assessed at
$129,520, the state board of review and state board of
tax commissioners fixed the valuation of the excess cor-
porate stock at the remainder left, which was $149,255,
thereby increasing the value for assessment purposes of
appellant's tangible property in Indiana and Illinois by
making a second assessment on the Indiana tangible
property by the indirect method of assessing such in-
creased valuation as excess capital stock, and thereby
the board of review violated the rules of law securing
to all taxpayers a just valuation upon principles of uni-
formity, equality and justice. There is a prayer for
injunction against appellee.

It is provided in §10234 Burns 1914, Acts 1891 p. 199,
that in all cases where the capital stock of a corporation,
such as the one involved in this case, exceeds in
value that of the tangible property listed for tax-
ation, then such capital stock shall be subject to
taxation upon such excess of value, and it is made the
duty of the county board of review to determine such
excess of value. It is contended by appellee that the
action of the county board of review is not subject to
collateral attack, by injunction or otherwise, unless the
assessment is void and not merely erroneous; that such
board is a quasi-judicial tribunal and binds every one
within its jurisdiction; that it has conclusive original
jurisdiction in assessment of capital stock of corpora-
tions when the value of such stock exceeds the value of
the tangible property, and that the value of the tangible
property is a question for the board. This is certainly
true when only questions of value are involved, for the
determination of such questions by the board are con-
clusive, and the courts have no power to control their ·
discretion; but, in reaching the amount of excess at

which the capital stock of appellant should be taxed, the question involved in this case was not that of the value of the tangible property of appellant, but it was that of selection. It pertained to the location of the property, as to whether it was located in the State of Indiana or in the State of Illinois. The rule that should govern in this case is thus stated in *Board, etc.* v. *Johnson* (1909), 173 Ind. 76, 83, 89 N. E. 590, 593: "The true rule, as we conceive it to be, is that where the question is one of valuation, or of determining the extent of the property in relation to other property of which it may form a part in fixing a valuation, in the absence of fraud, the action of the State Board of Tax Commissioners is final; but where there is an arbitrary selection of the property to be taxed, in violation of the constitution or statute, the act is beyond the jurisdiction of the board and is subject to review by the courts."

An examination of the averments of the complaint in this case conclusively shows that the substantial question involved was as to what tangible property should be considered in determining the amount of excess value, and in reaching that determination the tangible property of the corporation located in the State of Illinois, valued at $127,821.31, was wholly omitted. The question as to whether the tangible property located in the State of Illinois should be considered is subject to review by the courts.

In the case of *Board, etc.* v. *Johnson, supra,* many authorities are cited, sustaining this principle, which we do not need to repeat.

When the board of review fixed the valuation of the capital stock of appellant's company, it thereby of necessity included the tangible property of the company, consisting of the tangible property not only in Indiana but also in Illinois. It is a rule of law that the tax on the value of the capital stock is a tax on the property of

the corporation in which the capital is invested, and if in fixing the assessed value of the capital stock over the tangible property some portion of that tangible property is omitted it of necessity imposes indirectly upon such property a second tax, and this must be true whether such property is located within the State of Indiana or without.

In the case of *Delaware, etc., R. Co.* v. *Pennsylvania* (1905), 198 U. S. 341, 25 Sup. Ct. 669, 49 L. Ed. 1077, the appellant had mined coal in the State of

2.  Pennsylvania, and prior to the appraisement of the value of the capital stock of the company for taxation, pursuant to the law of that state, the coal had been transported to and situated in other states awaiting sale. The only question that was to be determined was whether, in refusing to deduct the value of the coal which was at the time outside of the jurisdiction of the state from the value of the capital stock, the state court denied any right of the company which was protected by the federal Constitution, and the court said: "We regard this tax as in substance and fact, though not in form, a tax specifically levied upon the property of the corporation, and part of that property is outside and beyond the jurisdiction of the state which thus assumes to tax it. * * * So, if the state cannot tax tangible property permanently outside the state * * *, it cannot attain the same end by taxing the enhanced value of the capital stock of the corporation which arises from the value of the property beyond the jurisdiction of the state. * * * If the property itself could not be specifically taxed because outside the jurisdiction of the state, how does the tax become legal by providing for assessing the tax on the value of the capital stock to the extent it represents that property and from which the stock obtains its increased value? Can the mere name of the tax alter its nature in such case? If so,

MAY TERM, 1920.                    239

the way is found for taxing property wholly beyond
the jurisdiction of the taxing power by calling it a tax
on the value of capital stock or something else, which
represents that property." We do not need to quote
further from that opinion. It was held by the court
that an assessment arrived at by including therein tan-
gible property which is beyond the jurisdiction of the
state, and which therefore the assessing officers had no
jurisdiction to assess, is absolutely illegal as made with-
out jurisdiction. It was further held that there was
relief in such a case founded upon the provisions of the
federal Constitution, and that the collection of the taxes
under such circumstances would amount to taxing prop-
erty without due process of law, and a citizen is pro-
tected from such taxing by the fourteenth amendment.
The case is directly in point and is of controlling force.
In conformity therewith, we hold that the assessment of
the excess value of the corporate stock of appellant, in-
cluding in such excess value the value of appellant's
tangible property located without the State of Indiana,
was without jurisdiction.

The demurrer to the complaint should have been over-
ruled. The judgment is reversed, with instructions to
the trial court to overrule the demurrer to the complaint,
and for further proceedings.