# ERB *v.* MORASCH.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 249.  Submitted April 18, 1900. — Decided May 14, 1900.

All questions arising under the constitution and laws of Kansas are, for the purposes of this case, foreclosed by the decisions of the state courts.

It is the duty of a receiver appointed by a Federal court to take charge of a railroad, to operate it according to the laws of the State in which it is situated, and he is liable to suit in a court other than that by which he was appointed, even in a state court, for a disregard of official duty which causes injury to the party suing.

A city, when authorized by the legislature, may regulate the speed of trains within its limits, and this extends to interstate trains in the absence of congressional action on the subject.

The Interstate Transit Railway is a railway connecting Kansas City, Missouri, with Kansas City, Kansas, and the exception of its trains from the general provision in the city ordinance respecting the speed of trains in the city was an exception entirely within the power of the legislature to make.

THE case is stated in the opinion.

*Mr. B. P. Waggener* and *Mr. Albert H. Horton,* for plaintiff in error.

*Mr. George B. Watson* for defendants in error.

MR. JUSTICE BREWER delivered the opinion of the court.

While in their briefs many matters are discussed with full-

ness and elaboration by counsel for plaintiff in error we are of opinion that those of a Federal nature involved in this record are few in number and practically determined by previous decisions of this court. Of course, all questions arising under the constitution and laws of Kansas are, for the purposes of this case, foreclosed by the decisions of the state courts. *Turner* v. *Wilkes County Commissioners*, 173 U. S. 461; *Brown* v. *New Jersey*, 175 U. S. 172, and cases cited in opinion.

In September, 1888, the city council of Kansas City passed an ordinance regulating the running of railroad trains through that city. Sections 2 and 8 are the only ones material to the present controversy. They are as follows:

"SEC. 2. It shall be unlawful for any such engineer, conductor or other persons having a railway engine or train of cars in charge to permit the same to be run along any track in said city at a greater speed than six miles an hour."

"SEC. 8. The provisions of this ordinance shall not apply to the Interstate Rapid Transit Railway Company, excepting with reference to funeral or other processions."

Now, in respect to the Federal questions, we remark, first, that it is the duty of a receiver, appointed by a Federal court to take charge of a railroad, to operate such road according to the laws of the State in which it is situated. Act of August 13, 1888, c. 866, § 2; 25 Stat. 433, 436; *United States* v. *Harris*, *ante*, 305.

Second, that he is liable to suit in a court other than that by which he was appointed, even in a state court, for a disregard of official duty which causes injury to the party suing. *Mc-Nulta* v. *Lockridge*, 141 U. S. 327; *Texas & Pacific Ry.* v. *Cox*, 145 U. S. 593.

Third, that a city, when authorized by the legislature, may regulate the speed of railroad trains within the city limits. *Railroad Company* v. *Richmond*, 96 U. S. 521; *Cleveland &c. Railway Co.* v *Illinois*, *ante*, 514. Such act is, even as to interstate trains, one only indirectly affecting interstate commerce, and is within the power of the State until at least Congress shall take action in the matter.

And, fourth, the sections quoted of the ordinance are not in

conflict with those provisions of the first section of the Fourteenth Amendment to the Constitution, which restrain a State from denying the equal protection of the laws. This last proposition seems to be the only matter requiring anything more than a declaration of the law and a citation of decided cases.

The contention here is that the exception of the Interstate Transit Railway Company from the provision in reference to the speed of its trains creates a classification which is arbitrary and without any reasonable basis, and, therefore, operates to deny the equal protection of the laws. *Gulf, Colorado & Santa Fé Railway* v. *Ellis*, 165 U. S. 150. If there were nothing in the record beyond the mere words of the ordinance we are of opinion that that contention could not be sustained, because it is obvious on a moment's reflection that the tracks of different railroads may traverse the limits of a city under circumstances so essentially different as to justify separate regulations. One may pass through crowded parts crossing or along streets constantly travelled upon by foot passengers and vehicles, while others may pass through remote parts of the city where there is little travel and little danger to individuals or carriages. One may pass through such parts of the city as will prevent its tracks from being fenced and where it is not in fact fenced, while another may pass through parts which permit of the fencing of the tracks and where its tracks are in fact fenced. Under those circumstances a difference of regulation as to the matter of speed would be perfectly legitimate, and it could not be held that the classification was arbitrary or without reasonable reference to the conditions of the several roads. With the presumption always in favor of the validity of legislation, state or municipal, if the ordinance stood by itself the courts would be compelled to presume that the different circumstances surrounding the tracks of the respective railroads were such as to justify a different rule in respect to the speed of their trains.

But in this case we are not left to any mere matter of presumption. The testimony discloses that the Interstate Rapid Transit Railroad is simply a street railroad connecting the cities of Kansas City, Missouri, and Kansas City, Kansas, operated at the time of the passage of the ordinance by steam power, but

with that power used only in dummy engines, and, at the time of the accident involved in this case, by electricity. It is true that there is testimony that at or near the place where the accident happened parties thought the operation of the street railroad was more dangerous than the operation of the railroad of which the plaintiff in error was receiver, but the validity of such an ordinance is not determinable by individual judgments. It is not a question to be settled by the opinions of witnesses and the verdict of a jury upon the question whether one railroad in its operation is more dangerous than another. All that is necessary to uphold the ordinance is that there is a difference, and that existing it is for the city council to determine whether separate regulations shall be applied to the two. It is not strange that one witness differs from another in respect to the comparative danger of the two roads. One jury might also disagree with another in respect to the same matter. 'But neither witness nor jury determine the validity of state or municipal legislation. Given the fact of a difference it is a part of the legislative power to determine what difference there shall be in the prescribed regulations. We see nothing else in this case calling for notice, and the judgment of the Supreme Court of Kansas is

*Affirmed.*