COLONIAL TRUST CO. et al. v. PACIFIC PACKING & NAVIGATION CO.

(Circuit Court, District of New Jersey.  January 17, 1906.)

CORPORATIONS—INSOLVENCY PROCEEDINGS—CLAIMS AGAINST RECEIVERS.

    Where a New Jersey corporation was adjudged insolvent and receivers appointed by a federal court in that state, and the same receivers were appointed in ancillary proceedings in other jurisdictions where the property of the corporation was located, a claim for services rendered to the receivers in disposing of such property may properly be presented to and adjudicated in the court of original jurisdiction, where equally as convenient to the parties, and especially in view of the provision of the federal judiciary act (Act March 3, 1887, c. 373, 24 Stat. 554. as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 436 [U. S. Comp. St. 1901, p. 582]), which permits federal receivers to be sued on such claims in any court having jurisdiction of the parties, either state or federal, without leave of the court making the appointment.

In Equity.  On petition of Charles Corby for recovery of alleged claim against receivers of defendant company.

Charles O. Brewster and Wallace Macfarlane, for petitioner.
C. C. Deming, for receivers.

LANNING, District Judge.  The defendant, the Pacific Packing & Navigation Company, was adjudged insolvent in this court on March 2, 1903, and Thomas B. McGovern, a resident of the city of New York, and George D. Hallock, a resident of New Jersey, were thereupon appointed receivers.  The property of the company was almost wholly located within the Western district of Washington and the territory of Alaska.  Shortly after the appointment of the above-mentioned

receivers by this court Thomas B. McGovern, George D. Hallock, James A. Kerr, and John R. Winn were appointed receivers by the Circuit Court for the Western District of Washington and the District Court for the District of Alaska, Division No. 1. On March 21, 1903, this court added the names of James A. Kerr and John R. Winn to the two receivers which it had previously appointed. The business of the receivership has been almost wholly conducted in the Western district of Washington, but the receivers have, from time to time, filed in this court reports concerning their work and their receipts and disbursements, and obtained sundry orders in connection with the receivership.

The petitioner, Charles Corby, claims that in February, 1905, at Seattle, Wash., he entered into an agreement with the receivers for the payment to him of a certain commission upon all sales of the assets of the receivership made by him, and he seeks by his petition an order directing the receivers to pay him the commissions claimed. The receivers, however, insist that as the principal part of the business was conducted on the Pacific Coast, and the alleged contract with the petitioner was made in Seattle, the case ought to be tried in the United States Circuit Court for the Western District of Washington, and that this court ought to decline jurisdiction. But I do not think so. One of the receivers resides within this district, and another in the city of New York. The petitioner himself resides in the city of New York. The petitioner alleges that his efforts to sell the property for which he claims commissions were made in the city of New York. The alleged contract, though made in Seattle, appears to be contained in two letters, the authorship and contents of which are not disputed. I think the case can be as conveniently tried here as in the state of Washington. Furthermore, if this court should decline jurisdiction, it does not follow that the trial would necessarily be had in the Western district of Washington. Act March 3, 1887, c. 373, § 3, 24 Stat. 554, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 436 [U. S. Comp. St. 1901, p. 582; 4 Fed. Stat. Ann. 387], provides:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which such receiver or manager was appointed," etc.

The Supreme Court has held that this section gives to a state court jurisdiction of any cause instituted against a receiver appointed by a federal court, where the subject-matter of the suit is an "act or transaction" of the receiver in carrying on the receivership business, and where such court secures jurisdiction of the parties. Texas & Pacific Railway v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81; Erb v. Morasch, 177 U. S. 584, 20 Sup. Ct. 819, 44 L. Ed. 897.

I see no reason for declining jurisdiction. The receivers may file an answer to the petition, and the matter will then be referred to a master to take testimony.