*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF BEAR CREEK,

    Plaintiff-Appellant,

v

CANNABIS REGULATORY AGENCY,

    Defendant,

and

GREEN SUNRISE PRODUCTS LLC, doing
business as LUME CANNABIS CO,

    Defendant-Appellee.

FOR PUBLICATION
February 20, 2026
2:25 PM

No. 369629
Emmet Circuit Court
LC No. 22-107852-CZ

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

CAMERON, P.J.

  In this appeal involving preemption and the Michigan Regulation and Taxation of Marihuana Act (MRTMA),[1] MCL 333.27952 *et seq.*, plaintiff appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(8) (failure to state a claim). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

  The MRTMA "provides for the legal production and sale of marijuana." *Brightmoore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 153; 975 NW2d 52 (2021). It allows municipalities to "opt out" of the legal production and sale of marijuana by enacting ordinances that prohibit marijuana establishments within their jurisdictions. MCL 333.27956. In

---

[1] The MRTMA uses the spelling "marihuana." This opinion will use the spelling "marijuana" unless quoting the MRTMA.

response to the MRTMA, plaintiff adopted an "opt out" ordinance[2] that prohibits all marijuana establishments within Bear Creek Township.

Before the MRTMA's effective date, the Little Traverse Bay Band of Odawa Indians (LTBB) asked the United States Department of the Interior to accept in trust two parcels of land located within Bear Creek Township. The LTBB subsequently leased the parcels held in trust to defendant, a company that sells adult-use recreational marijuana.[3] Plaintiff expressed its opposition to the construction and opening of a retail cannabis facility within the township. The LTBB responded by denying any ownership interest in, or managerial control over, defendant. It did, however, execute a limited waiver of any right it had under sovereign immunity to exclude the Cannabis Regulatory Agency (CRA) or its agents from entering the retail location as permitted under the MRTMA. As a result, the CRA issued two licenses to defendant authorizing it to operate a retail marijuana facility on the parcels.

Plaintiff initiated this action seeking a declaratory judgment that the CRA lacked the authority to issue licenses to defendant. It also sought to enjoin the CRA from issuing any further licenses on land held in trust within plaintiff's boundaries and to enjoin defendant from continuing its operations. Defendant moved for summary disposition under MCR 2.116(C)(8), arguing, in relevant part, that federal law preempted plaintiff's attempt to regulate or control the use of the land in question. 25 CFR 1.4. The trial court agreed and granted defendant's motion. Plaintiff now appeals.

II. STANDARDS OF REVIEW

This Court reviews de novo a circuit court's summary-disposition decision. *Black v Cook*, 346 Mich App 121, 127; 11 NW3d 563 (2023). "A court may grant summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted." *Id*. (quotation marks and citation omitted). "A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint based solely on the basis of the pleadings." *Id*. (quotation marks and citation marks omitted). "All well-pleaded factual allegations are accepted as true and construed them in a light most favorable to the nonmoving party." *Id*. (quotation marks and citation omitted). "Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 305; 788 NW2d 679 (2010) (quotation marks and citation omitted).

"Questions of law, including issues of statutory interpretation or constitutional law, are reviewed de novo." *Farmington v Farmington Survey Comm*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 372022); slip op at 3. Whether federal law preempts state law, or whether

---

[2] Ordinance No. 38-19.

[3] Because only defendant-appellee remains a party in this case, this opinion will refer to defendant-appellee as "defendant" and will refer to the Cannabis Regulatory Agency by name where relevant.

state law preempts local law, are both questions of law reviewed de novo. *Ter Beek v Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014).

## III. ANALYSIS

Plaintiff argues that the trial court erred by concluding that 25 CFR 1.4 bars its claims. We disagree.

"Federal preemption of state law is grounded in the Supremacy Clause of the United States Constitution, US Const, art VI, cl 2, which invalidates state laws that interfere with, or are contrary to, federal law." *Ter Beek*, 495 Mich at 10 (quotation marks and citation omitted). "When a state law is preempted by federal law, the state law is 'without effect.' " *Id.*, quoting *Maryland v Louisiana*, 451 US 725, 146; 101 S Ct 2114; 68 L Ed2d 576 (1981). "Congress may, within certain constitutional limits, preempt state and local governments' legislative authority in a given subject area." *Grand Trunk Western R Co v Fenton*, 184 Mich App 166, 168; 457 NW2d 120 (1990). "Congressional intent determines whether federal law preempts a particular state or local law. When Congress enacts a statute which by its language expressly provides that states cannot legislate in a given subject area, preemption is clear." *Id.* "[F]ederal regulations have no less pre-emptive effect than federal statutes." *Patterson v CitiFinancial Mtg Corp*, 288 Mich App 526, 529; 288 Mich App 526 (2010) (quotation marks and citation omitted). In the context of state regulation of tribal land, the state's "jurisdiction in Indian country may be preempted (*i*) by federal law under ordinary principles of federal preemption, or (*ii*) when the exercise of state jurisdiction would unlawfully infringe on tribal self-government." *Oklahoma v Castro-Huerta*, 597 US 629, 638; 142 S Ct 2486; 213 L Ed 2d 847 (2022); see also, e.g., *Smith v Landrum*, 334 Mich App 511, 521; 965 NW2d 253 (2020).

The federal regulation at issue is 25 CFR 1.4, which provides:

(a) Except as provided in paragraph (b) of this section, none of the laws, ordinances, codes, resolutions, rules or other regulations of any State or political subdivision thereof limiting, zoning or otherwise governing, regulating, or controlling the use or development of any real or personal property, including water rights, shall be applicable to any such property leased from or held or used under agreement with and belonging to any Indian or Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States.

(b) The Secretary of the Interior or his authorized representative may in specific cases or in specific geographic areas adopt or make applicable to Indian lands all or any part of such laws, ordinances, codes, resolutions, rules or other regulations referred to in paragraph (a) of this section as he shall determine to be in the best interest of the Indian owner or owners in achieving the highest and best use of such property. In determining whether, or to what extent, such laws, ordinances, codes, resolutions, rules or other regulations shall be adopted or made applicable, the Secretary or his authorized representative may consult with the Indian owner or owners and may consider the use of, and restrictions or limitations on the use of, other property in the vicinity, and such other factors as he shall deem appropriate.

Plaintiff argues against giving 25 CFR 1.4(a) preemptive effect by characterizing its argument as one not seeking to enforce its ordinance, but instead as one seeking to exercise its statutory rights under the MRTMA. Plaintiff's argument lacks merit. The MRTMA permits municipalities to "completely prohibit or limit the number of marihuana establishments within [their] boundaries." MCL 333.27956. But in order to do so, a municipality must enact an ordinance. Only then does it have the legal authority to prohibit or limit the number of marijuana establishments. *Id*. The MRTMA, alone, only provides the first step. A municipality only has a legal cause of action regarding marijuana facilities within its jurisdiction after it passes an ordinance establishing one under the MRTMA. Accordingly, it is the ordinance that plaintiff passed *pursuant* to MCL 333.27956 that necessarily underlies plaintiff's claims. Indeed, plaintiff explicitly argues on appeal that its ordinance and the MRTMA, "when taken together, foreclose [defendant's] ability to lawfully obtain licenses to operate retail establishment on the LTBB's land[.]" By its own admission, plaintiff seeks to control or regulate, through its ordinance, the use of leased Indian land held in trust by the United States.[4] This situation falls squarely within those preempted by 25 CFR 1.4(a), and plaintiff has presented no evidence that the Secretary of the Interior has said otherwise, 25 CFR 1.4(b).

Plaintiff also argues against preemption by citing federal caselaw providing carve outs for state regulation of activities of nontribal individuals on tribal land. Specifically, plaintiff argues that, under *White Mountain Apache Tribe v Bracker*, 448 US 136, 145; 100 S Ct 2578; 65 L Ed 2d 665 (1980), a more "particularized inquiry" is required for addressing the actions of a nontribal entity like defendant on tribal land. Plaintiff misconstrues *Bracker*. *Bracker* recognized the "two independent but related barriers to the assertion of state regulatory authority over tribal reservations and members[]" as noted above: federal preemption or Indian sovereignty. *Id*. at 142. It reasoned that "[t]he two barriers are independent because *either, standing alone, can be a sufficient basis for holding state law inapplicable to activity undertaken on the reservation* or by tribal members." *Id*. at 143 (emphasis added). But it also recognized that these barriers are related, because: "The right of tribal self-government is ultimately dependent on and subject to the broad power of Congress. Even so, traditional notions of Indian self-government are so deeply engrained in our jurisprudence that they have provided an important 'backdrop' against which *vague or ambiguous federal enactments* must always be measured." *Id*. (citation omitted, emphasis added).

Plaintiff's emphasis on the need for a more "particularized inquiry" is misplaced, because such an inquiry is necessary only when the federal enactment is "vague or ambiguous[.]" *Id*. The language of 25 CFR 1.4(a) is neither. By its plain terms, 25 CFR 1.4(a) prohibits states and their political subdivisions from regulating or controlling the use of leased Indian property held in trust by the United States. *Id*. Plaintiff seeks to control the use of such land through its ordinance; it

---

[4] Plaintiff also sets forth the unpersuasive argument that it is not seeking to regulate or control the use of Indian land because it is seeking to prevent only the "acquisition" and "delivery" of marijuana to the facilities at issue here, neither of which technically occur "on the LTBB's land." But preventing delivery to the facilities necessarily controls the *use* of the leased land. The facilities cannot operate if they cannot receive their products. Thus, this argument fails.

may not do so. *Id*.[5] Moreover, 25 CFR 1.4(b) provides the only exception to this rule, and nothing in the record or parties' arguments indicate it applies.[6]

Affirmed.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi

---

[5] Because federal preemption, "standing alone," is sufficient to preclude the application of plaintiff's ordinance, *Bracker*, 448 US at 143, we need not consider plaintiff's arguments regarding the impact on Indian sovereignty.

[6] Plaintiff also challenges the validity of defendant's licenses. Specifically, plaintiff argues that the MRTMA does not authorize licensed marijuana establishments on tribal land, because the relevant provisions of the statutory scheme authorize the establishments in cities, villages, or townships while excluding Indian tribes. We need not address the merits of plaintiff's argument because, even if we were to agree with plaintiff, any ruling we make would be unenforceable. In other words, even if we were to conclude that the licenses were invalid, effectuating such a decision would necessarily require state regulation of the use of leased tribal land, which, as discussed, is preempted. 25 CFR 1.4(a).